DARRYL WALKER, )
)
    Petitioner, )
)
v. ) CV 108-020
)
THARLONE WILLIAMS, Warden, and )
THURBERT E. BAKER, Attorney General )
of the State of Georgia, )
)
    Respondents. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is currently before the Court on Respondents' motion to dismiss the petition as untimely (doc. no. 9) and Respondents' motion to dismiss Georgia Attorney General Baker as an improper party Respondent (doc. no. 10). Petitioner opposes the motions. (Doc. nos. 14, 15, 16, 18). For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that Respondents' motion to dismiss the petition as untimely be **DENIED.** The Court also **REPORTS** and **RECOMMENDS** that Respondents' Motion to Dismiss Attorney General Baker be **GRANTED** and that Attorney General Baker be **DISMISSED** as an improper Respondent.

# I. BACKGROUND

Following a jury trial, Petitioner was convicted on October 12, 2001 of burglary, kidnapping with bodily injury, rape, and possession of a knife during the commission of a felony; the trial court sentenced Petitioner to ten (10) years of imprisonment on the burglary charge, life in prison for the kidnapping charge, fifteen (15) years of imprisonment on the rape charge, and five (5) years of imprisonment on the possession of a knife charge.[1] (Doc. no. 12, Ex. 6). Following the denial of his motion for new trial, Petitioner filed a direct appeal. (Doc. no. 1, p. 4; doc. no. 12, Exs. 1 and 2 (Motion for New Trial and Georgia Court of Appeals Oct. 18, 2005 opinion)). The Georgia Court of Appeals affirmed his conviction on October 18, 2005. (Doc. nos. 1, 4; doc. no. 12, Ex. 6 (Georgia Court of Appeals Oct. 18, 2005 opinion)). Petitioner did not move for reconsideration, nor did he file a notice of intent to apply for certiorari to the Georgia Supreme Court. On November 23, 2005, Petitioner filed an "Extraordinary Motion for New Trial," that was denied on May 1, 2006. (Doc. no. 1, p. 4; doc. no. 12, Ex. 2 (order denying extra ordinary motion for new trial)).

On October 2, 2006, Petitioner filed a state habeas corpus petition in the Superior Court of Chatham County. (Doc. no. 1, p. 4; doc. no. 12, Exs. 1-3). Petitioner's habeas corpus claims were denied on September 10, 2007. (Doc. no. 12, Ex. 3). The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal

---

[1] The ten-year sentence for burglary was consecutive to the life sentence for kidnapping; the fifteen-year rape sentence was concurrent with the burglary sentence and consecutive to the kidnapping sentence; and the five-year sentence on the knife possession charge was consecutive to the other three sentences. (Doc. no. 12, Ex. 6).

("CPC") on January 8, 2008. (Id., Ex. 4). Petitioner then executed the above-captioned petition on February 13, 2008. (Doc. nos. 1, 18). Respondents argue that the above-captioned petition should be dismissed as time-barred under 28 U.S.C. § 2244(d). (See generally doc. no. 9). However, Petitioner contends that his petition is timely, and thus, the above-captioned petition should not be dismissed. (Doc. nos. 14, 15, 16, 18). The Court resolves the dispute as follows.

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## A. Finality of Petitioner's Conviction

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Petitioner filed a direct appeal, and the Georgia Court of Appeals affirmed Petitioner's convictions on October 18, 2005. Thereafter, Petitioner had ten (10) days, pursuant to the Georgia Court of Appeals's Rule 37, to file a motion for reconsideration.[2] Pursuant to the Georgia Supreme Court's Rule 38, Petitioner had ten days in which to either move for reconsideration or to file a notice of intent to apply for certiorari to the Georgia Supreme Court.[3] Petitioner did neither.[4] Thus, for the purpose of determining the timeliness of the above-captioned petition, Petitioner's conviction became final in October of 2005.

---

[2]The Georgia Court of Appeals Rule 37(b) provides in pertinent part, "Motions for reconsideration must be filed within 10 days from the rendition of the judgment or dismissal."

[3]The Georgia Supreme Court Rule 38 (1) provides:

Compliance with the requirements of this rule governing petitions for certiorari is mandatory. Notice of intention to apply for certiorari shall be given to the Clerk of the Court of Appeals within 10 days after the date of entry of judgment or the date of the disposition of the motion for reconsideration, if one is filed. A copy of the notice of intent is not to be filed in the Supreme Court.

[4]The Eleventh Circuit has concluded that as the Supreme Court of Georgia is the highest court of the state in which direct review of Petitioner's conviction could have been had, his failure to seek review in that court means that he is not entitled to seek review in the Supreme Court of the United States. Thus, Petitioner is not entitled to the 90-day period for seeking that review. Pugh v. Smith, 465 F.3d 1295, 1300 (11th Cir. 2006).

4

## B. Application of the Statute of Limitations

Under the AEDPA, Petitioner had one year from October of 2005, to file his federal habeas corpus petition. However, the Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Respondents correctly note that Petitioner waited eleven months and four days from the time his conviction became final on October 28, 2005, until he filed his state habeas petition. However, Respondents completely ignore the fact that prior to filing his state habeas petition, Petitioner filed an "Extraordinary Motion for New Trial" on November 23, 2005. Under Georgia law, defendants are permitted to file extraordinary motions for a new trial when the 30-day time period for filing a motion for a new trial has passed, but the defendant has "newly discovered evidence" to present to the court in support of his motion for a new trial. O. C. G. A. § 5-5-40; Timberlake v. State, 271 S.E.2d 792, 795 (Ga. 1980).

Although the Eleventh Circuit has not determined that extraordinary motions for a new trial toll the statute of limitations period, the plain language of § 2244 suggests that an extraordinary motion for a new trial would toll the statute of limitations period. As noted above, § 2244 states that "[t]he time during which a properly filed application for State post-conviction or *other collateral review with respect to the pertinent judgment or claim* is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). Because Petitioner's extraordinary motion for a new trial relates to the pertinent judgment, it is a collateral motion that tolls the AEDPA

5

statute of limitations period.[5]

The Court is aware that Petitioner's extraordinary motion was denied; however, simply because the motion did not set forth facts to establish all of the elements for a new trial does not mean it was not a properly filed collateral motion under § 2244(d)(2). See Artuz v. Bennett, 531 U.S. 4, 9-10 (2000) (noting that whether an application was "properly filed" was distinct from the question of whether the claims contained in the application were meritorious and free of any procedural bar). Accordingly, Petitioner's extraordinary motion for a new trial serves to toll the AEDPA statute of limitations period.

Turning to whether Petitioner's extraordinary motion actually tolled the statute of limitations period such that his § 2254 petition was timely filed, the Court finds that it does. Petitioner filed his motion on November 23, 2005, approximately one month after his conviction became final. This tolled the statute of limitations period until May 1, 2006, when the court denied his motion. Petitioner's state habeas petition was then executed approximately five months later, and tolled the statute of limitations period until January 8, 2008 when the Georgia Supreme Court denied Petitioner's application for a CPC. At this time, Petitioner still had approximately six months left under the AEDPA's one year statute of limitations. Petitioner then waited only 36 days from the date his CPC was denied, until February 13, 2008, to execute his federal habeas corpus petition. Therefore, Petitioner's § 2254 petition was timely filed.

---

[5]The Court reached this same conclusion in Downing v. Roberts, Civil Case 106-001, doc. no. 14 (S.D. Ga. Nov. 17, 2006). Of note, the State did not object to the Court's conclusion in that case.

### C. Improper Respondent

The Court also finds that Attorney General Baker is an improper Respondent and should be dismissed. Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege the name of the person having custody over a petitioner. Furthermore, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that for habeas petitioners who are currently in the custody of the state, "the petition must name as respondent the state officer who has custody." The Advisory Committee Notes to Rule 2 explain that the state officer having custody of the petitioner, often a prison warden, is the appropriate respondent when a petitioner is seeking relief from a sentence for which he is currently incarcerated. The Notes further explain that the state Attorney General is an appropriate party Respondent when the petitioner is attacking a sentence which will be carried out in the future or for which the petitioner is not incarcerated, on probation, or on parole. As another federal court has explained, "[T]he only proper respondent in a collateral attack is the petitioner's custodian. . . . If the petitioner is in prison, the warden is the right respondent. . . . A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody." Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996).

As Petitioner is challenging the sentence for which he is currently incarcerated, Warden Williams is the proper Respondent, and Attorney General Baker should be dismissed as an improper party Respondent.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that

Respondents' motion to dismiss the petition as untimely be **DENIED**. If the District Court adopts this Court's recommendation, Respondent Williams should file his brief on the merits of the petition within thirty (30) days of the date of the District Court's adoption order.[6] The Court also **REPORTS** and **RECOMMENDS** that Respondents' Motion to Dismiss Attorney General Baker be **GRANTED**, and that Attorney General Baker be **DISMISSED** as an improper Respondent.

SO REPORTED and RECOMMENDED this 26th day of September, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[6]Respondent's brief should conform to the instructions set forth in this Court's March 10, 2008, Order. (See doc. no. 3).