IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

DARRYL WALKER,                          )
                                        )
              Petitioner,               )
                                        )
       v.                               )        CV 108-020
                                        )
THALRONE WILLIAMS, Warden,              )
                                        )
              Respondent.               )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, an inmate incarcerated at Dodge State Prison in Chester, Georgia, brought

the above-captioned case pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the

Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that Petitioner's

"Motion to Grant Relief" (doc. no. 27) be **DENIED**, that this civil action be **CLOSED**, and

that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

Following a jury trial, Petitioner was convicted on October 12, 2001 of burglary,

kidnaping with bodily injury, rape, and possession of a knife during the commission of a

felony; the trial court sentenced Petitioner to ten (10) years of imprisonment on the burglary

charge, life in prison for the kidnaping charge, fifteen (15) years of imprisonment on the rape charge, and five (5) years of imprisonment on the possession of a knife charge.[1] (Doc. no. 12, Ex. 6). Following the denial of his motion for new trial, Petitioner filed a direct appeal. (Doc. no. 1, p. 4; doc. no. 12, Exs. 1 and 2 (Motion for New Trial and Georgia Court of Appeals Oct. 18, 2005 opinion)). In his direct appeal, Petitioner raised the following claims:

> (1) the evidence was not sufficient to support a verdict, (2) the trial court erred in excluding evidence under the Rape Shield Statute, (3) the State improperly elicited hearsay testimony from one of the investigating officers, (4) the State improperly bolstered the credibility of a witness, (5) the State improperly introduced victim impact testimony by asking the victim how she felt about the sexual assault examination at the hospital and by having the nurse describe the procedure for the collecting of evidence for the rape kit, and (6) the trial court erred in refusing to charge on lesser included offenses.

(Doc. no. 12, Ex. 6 (Georgia Court of Appeals Oct. 18, 2005 opinion)). The Georgia Court of Appeals affirmed his conviction on October 18, 2005. (Doc. nos. 1, 4; doc. no. 12, Ex. 6 (Georgia Court of Appeals Oct. 18, 2005 opinion)). Petitioner did not move for reconsideration, nor did he file a notice of intent to apply for certiorari to the Georgia Supreme Court. On November 23, 2005, Petitioner filed an "Extraordinary Motion for New Trial," that was denied on May 1, 2006. (Doc. no. 1, p. 4; doc. no. 12, Ex. 2 (order denying extra ordinary motion for new trial)).

On October 2, 2006, Petitioner filed a state habeas corpus petition in the Superior Court of Chatham County. (Doc. no. 1, p. 4; doc. no. 12, Exs. 1-3). Petitioner raised the

---

[1] The ten-year sentence for burglary was consecutive to the life sentence for kidnapping; the fifteen-year rape sentence was concurrent with the burglary sentence and consecutive to the kidnapping sentence; and the five-year sentence on the knife possession charge was consecutive to the other three sentences. (Doc. no. 12, Ex. 6).

following claims in his state habeas petition:

(1)    violation of his Sixth Amendment right to effective assistance of appellate counsel,[2]

(2)    violation of his Sixth Amendment rights to effective assistance of trial counsel,

(3)    violation of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights when the trial court issued multiple sentences for multiple crimes that merged and were predicated upon the same criminal act,

(4)    violation of his Sixth Amendment Confrontation Clause rights by the State's use of prejudicial hearsay testimony that was permitted over objection,

(5)    violation of his Fourteenth Amendment right by the State's use of similar transaction evidence without proper notice and legal foundation in violation of U.S.C.R. 31.3 and Federal Rule of Evidence 404(b),

(6)    violation of his Fifth and Fourteenth Amendment rights by prosecutorial misconduct in improperly shifting the burden of proof to Petitioner by repeatedly making improper comments to the jury implying that Petitioner had not shown them any evidence of his innocence,

(7)    violation of his Sixth and Fourteenth Amendment rights when the judge and prosecutor constructively amended Count Two of the indictment through the presentation of uncharged evidence, improper arguments and instructions to the jury, and

(8)    ineffective assistance of appellate counsel for failure to properly raise a violation of his Sixth Amendment rights because the State improperly bolstered the credibility of a witness.[3]

(Doc. no. 12, Ex. 3). Petitioner's habeas corpus claims were denied on September 10, 2007.

---

[2]Petitioner indicates that Grounds 2 though 8 are the basis for his claims for ineffective assistance of trial counsel in this federal petition.

[3]Petitioner maintains that the state habeas court overlooked this ground. (Doc. no. 7, p. 19).

3

(Id.). The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal ("CPC") on January 8, 2008. (Id., Ex. 4). Petitioner then executed the above-captioned petition on February 13, 2008.[4] (Doc. nos. 1, 18). Petitioner's stated grounds for relief in his federal petition are:

(1)    ineffective assistance of appellate counsel,

(2)    ineffective assistance of trial counsel,[5]

(3)    violation of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights when the trial court issued multiple sentences for multiple crimes that merged and were predicated upon the same criminal act,

(4)    violation of his Sixth Amendment Confrontation Clause rights by the State's use of prejudicial hearsay testimony that was permitted over objection,

(5)    violation of his Fourteenth Amendment rights by the State's use of similar transaction evidence without proper notice and legal foundation in violation of U.S.C.R. 31.3 and Federal Rule of Evidence 404(b),

(6)    violation of his Fifth and Fourteenth Amendment rights by prosecutorial misconduct in improperly shifting the burden of proof to Petitioner by repeatedly making improper comments to the jury implying that Petitioner had not shown them any evidence of his innocence,

(7)    violation of his Sixth and Fourteenth Amendment rights when the judge and prosecutor constructively amended Count Two of the

---

[4]Respondents filed a motion to dismiss the above-captioned petition as time-barred under 28 U.S.C. § 2244(d). (Doc. no. 9). The motion to dismiss was denied, and Respondent was instructed to answer the petition. (Doc. no. 24).

[5]Petitioner argues that because of his trial counsel's ineffective assistance, Petitioner was "forced to trial at a time he was mentally incompetent and mentally incapable of articulating an intelligent defense, which resulted in a coerced forfeiture of his right to testify in his own defense. Counsel also failed to conduct any pretrial investigation into the factual basis for the charges." (Doc. no. 1, p. 13).

indictment through the presentation of uncharged evidence, improper arguments and instructions to the jury, and

(8)     violation of his Sixth Amendment rights because the State improperly bolstered the credibility of a witness.

(Doc. no. 1). Respondent asserts in his response that Petitioner is not entitled to relief on his

asserted claims and/or that his claims are procedurally defaulted. (Doc. no. 26).

## II.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into

law on April 24, 1996, amended § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court addressed Section 2254(d) in Brown v. Payton, 544 U.S.

133 (2005). The Supreme Court explained the difference between the "contrary to" and

"unreasonable application" clauses in § 2254(d)(1) as follows:

> The AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially

> indistinguishable from a decision of this Court but reaches a different result.
> A state-court decision involves an unreasonable application of this Court's
> clearly established precedents if the state court applies this Court's precedents
> to the facts in an objectively unreasonable manner.

Id. at 141 (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to

demonstrate that a state court's decision is "incorrect or erroneous"; only a showing that the

decision was "objectively unreasonable" will entitle a petitioner to relief. Wiggins v. Smith,

539 U.S. 510, 520-21 (2003). In sum, a habeas petition may be granted if "the state court's

decision was contrary to, or involved an objectively unreasonable application of, the

governing Federal law set forth by Supreme Court cases." McIntyre v. Williams, 216 F.3d

1254, 1257 (11th Cir. 2000).

Moreover, the AEDPA sets a highly deferential standard of review for state court

factual determinations. The AEDPA "requires federal habeas courts to presume the

correctness of state courts' factual findings unless applicants rebut this presumption with

'clear and convincing evidence.'" Schriro v. Landrigan, 550 U.S. 465, 473-74 (2007)

(quoting 28 U.S.C. § 2254(e)(1)); see also Crawford v. Head, 311 F.3d 1288, 1317 (11th Cir.

2002) (affirming state court factual determination "because there is support for it in the

record and [the petitioner] has not rebutted the finding by clear and convincing evidence").

Thus, "some evidence suggesting the possibility" that a petitioner's version of the pertinent

facts is correct is not sufficient to carry the burden of showing that a state court made an

unreasonable determination of fact as contemplated by § 2254(d)(2). Bottoson v. Moore, 234

F.3d 526, 540 (11th Cir. 2000). If the record provides any support for a state court's factual

findings, this Court may not set aside those findings unless and until they are rebutted by

clear and convincing evidence. Crawford, 311 F.3d at 1317.

### III. DISCUSSION

**A.      Defaulted Claims**

     **1.      Exhaustion and Procedural Default Rules Explained**

The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

As the Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). The exhaustion requirement applies with equal force to all constitutional claims, including claims of ineffective assistance of counsel. Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir.

7

1992) ("[A] habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously."). Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005) ("It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar.").

A federal habeas petitioner can run afoul of procedural default rules in one of two ways. First, a federal habeas petitioner can improperly attempt to revive an old claim that a state court has previously denied on procedural grounds. When a state court denies a constitutional claim on "adequate and independent"[6] state procedural grounds, the district court is precluded from later reviewing the merits of the claim on collateral attack. Judd, 250 F.3d at 1313.

---

[6]A state court decision rests upon "adequate and independent" state procedural grounds when it satisfies the following three-part test:

> First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state rule must be adequate, *i.e.*, it must not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine.

Judd, 250 F.3d at 1313 (internal quotations and citations omitted).

Likewise, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim that would be procedurally barred if he attempted to raise it in state court. In such instances, the petitioner's failure to bring the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1139 (11th Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998); see also Harris v. Reed, 489 U.S. 255, 263 n.9 (1989) ("[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred."). Simply put, if a claim has not been "fairly presented in the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).

Of note here, under Georgia law, absent a showing of cause to excuse the default and actual prejudice, the failure to object at trial or to raise on direct appeal any alleged error creates a procedural bar to its consideration in a habeas corpus proceeding. See O.C.G.A. § 9-14-48(d); Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985) ("The rule now may be stated as follows: a failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus."). Georgia law also requires that claims of ineffective assistance of trial counsel be raised at the "earliest practicable moment" by new counsel, or absent a showing of cause and prejudice, the claims are procedurally defaulted. White v. Kelso, 401 S.E.2d 733, 734 (Ga. 1991); Thompson v. State, 359 S.E.2d 664, 665 (Ga. 1987).

9

Of course, the Eleventh Circuit has explained that a procedural default may be excused if certain conditions are met:

> A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default. Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice.

Jones, 436 F.3d at 1304 (internal citations omitted). Cause entails a showing "that some objective factor external to the defense impeded" efforts to comply with the state procedural rule. Coleman v. Thompson, 501 U.S. 722, 753 (1991).[7] A state petitioner may also demonstrate cause to overcome a procedural default by demonstrating that he received constitutionally ineffective assistance of counsel. Turpin v. Todd, 493 S.E.2d 900, 906 (Ga. 1997). The narrow fundamental miscarriage of justice exception, on the other hand, encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 2. Defaulted Claims

In Grounds 2 through 7 of his federal habeas petition, Petitioner alleges (2) ineffective assistance of trial counsel, (3) violation of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights when the trial court issued multiple sentences for multiple crimes that

---

[7]If a petitioner is able to prove cause, he must then show prejudice by demonstrating that the errors at trial not only "'created a *possibility* of prejudice, but that they . . . infect[ed] his entire trial with error of constitutional dimensions.'" Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

merged and were predicated upon the same criminal act, (4) violation of his Sixth Amendment Confrontation Clause rights by the State's use of prejudicial hearsay testimony that was permitted over objection, (5) violation of his Fourteenth Amendment rights by the State's use of similar transaction evidence without proper notice and legal foundation in violation of U.S.C.R. 31.3 and Federal Rule of Evidence 404(b), (6) violation of this Fifth and Fourteenth Amendment rights by prosecutorial misconduct in improperly shifting the burden of proof to Petitioner by repeatedly making improper comments to the jury implying that Petitioner had not shown them any evidence of his innocence, and (7) violation of his Sixth and Fourteenth Amendment rights when the judge and prosecutor constructively amended Count Two of the indictment through the presentation of uncharged evidence, improper arguments and instructions to the jury.

These claims were presented to the state habeas court, which found them to be defaulted because they had not been raised at trial or on direct appeal. (Doc. nos. 12, Ex. 3, 26) (citing O.C.G.A. § 9-14-48(d); Black, 336 S.E.2d at 755). The state habeas court also concluded that Petitioner had not demonstrated cause and prejudice to overcome the procedural default. (Id.). Respondent contends that this Court should defer to both the state habeas courts' findings on these issues. (Doc. no. 26, pp. 5-8).

The procedural default rule relied upon by the state habeas and appellate courts constitutes an independent and adequate state procedural ground in that it is exclusively a state doctrine and it is regularly applied by Georgia state courts. See Hightower v. Schofield, 365 F.3d 1008, 1037 (11th Cir. 2004), *abrogated on other grounds by* Hightower v. Schofield, 545 U.S. 1124 (2005); Defuentes v. Dugger, 923 F.3d 801, 803 (11th Cir. 1991).

Thus, this Court is barred from considering the claim unless Petitioner can show cause and prejudice sufficient to overcome his default or that a fundamental miscarriage of justice has occurred. Although Petitioner makes multiple claims of ineffective assistance of counsel that might excuse his default, see Turpin, 493 S.E.2d at 906, as explained *infra*, the Court determines that such claims have either been procedurally defaulted[8] or that the state habeas court properly concluded that Petitioner's appellate counsel rendered effective assistance of counsel. Thus, Petitioner's claims of ineffectiveness of counsel do not suffice to excuse his procedural default. Furthermore, Petitioner has failed to present any other evidence to suggest that appellate counsel was ineffective or otherwise demonstrate cause as to why his procedural default should be excused.[9] Because Grounds 2 through 7 have been defaulted (and this default has not been excused), these claims are barred from review and do not provide a basis for granting federal habeas corpus relief.

### 3.    Claims Rejected by the State Courts

#### a.    Alleged Ineffectiveness of Appellate Counsel

In Ground 1 of his federal petition, Petitioner alleges that his appellate counsel was ineffective for: (1) failing to raise potentially reversible errors on appeal, (2) failing to raise

---

[8]It is well-settled that a claim of ineffective assistance of counsel must be presented to state courts as an independent claim before it may be used to establish cause to overcome procedural default. Payne v. Allen, 539 F.3d 1297, 1314 n.16 (11th Cir. 2008) (quoting Murray v. Carrier, 477 U.S. 478, 488-89 (1986)); Henderson v. Campbell, 353 F.3d 880, 896-97 (11th Cir. 2003). Because some of Petitioner's claims of ineffective assistance of counsel have not been presented for review in state court and have been procedurally defaulted, they may not be used to establish cause to overcome the procedural default of Petitioner's other claims.

[9]Because Petitioner has not demonstrated cause, the Court does not reach the issue of prejudice. See Johnson, 256 F.3d at 1171.

on appeal an ineffective assistance of trial counsel claim,[10] and (3) failing to raise the thirty month inordinate delay in the appellate process, which resulted in the clear abandonment of Petitioner's appellate rights. Petitioner presented this claim and all its subparts in his state habeas petition. However, specifically applying the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984), and Battles v. Chapman, 506 S.E.2d 838 (Ga. 1998), the state habeas court determined that Petitioner had failed to meet these standards for stating a claim for ineffective assistance of appellate counsel and therefore rejected his claim. (Doc. no. 12, Ex. 3).

As correctly noted by the state habeas court, ineffective assistance of counsel claims are analyzed under the two-prong test set forth by the Supreme Court in Strickland v. Washington.[11] To make out a claim of ineffective assistance of appellate counsel, Petitioner must first show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Second, he must show that he suffered such prejudice that, but for his appellate counsel's errors, there is a reasonable probability that the results of the proceeding would have been different. Id. at 694. The facts of Strickland, however, are dissimilar from those presented here. Moreover, it cannot be said that the result reached by the state habeas court was contrary to clearly established federal law. Thus, the Court will focus its attention on whether the state habeas court unreasonably applied

---

[10]Petitioner claims that his trial counsel was ineffective for the reasons he stated in Grounds 2 through 8.

[11]The Strickland test applies to claims of ineffective assistance of both trial and appellate counsel. See Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991).

Strickland to the facts of this case. Bell v. Cone, 535 U.S. 685, 699 (2002) ("[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, [the petitioner] must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner." Id. (internal citations omitted)).

With regard to the performance prong of Strickland, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion--though the presumption is not insurmountable--is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as [appellate] counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice prong of

Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Id. at 616 (citing Strickland, 466 U.S. at 694-95). As the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004).

Furthermore, in the appellate context, the Court recognizes that a criminal defendant has no "constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 751 (1983). It is up to appellate counsel to winnow out weaker arguments and select the most promising issues for review. Id. at 751-52. Indeed, the appellate "attorney need not advance every argument, regardless of merit, urged by the appellant . . . ." Evitts v. Lucey, 469 U.S. 387, 394 (1985).

Along with these basic principles concerning ineffective assistance of counsel claims, the Court must also consider the facts underlying Petitioner's conviction. The facts underlying Petitioner's convictions are set forth in the Georgia Court of Appeals decision and, pursuant to § 2254(e)(1), are presumed to be correct. The facts are as follows:

> The arresting officer testified that he was responding to a 911 "hangup" call on the morning in question. It appears that whoever made the call did not speak to the operator, but the operator heard a fight going on in

the background. When the officer arrived at the address from which the call was made, [Petitioner] answered the door. The officer asked if someone in the house had called 911 and [Petitioner] said they had not. The officer continued to question him and [Petitioner] said that he and his wife "were just having sex." The officer said that he wanted to talk to [Petitioner's] wife and he and [Petitioner] went into the house. [Petitioner] walked into the bedroom and the officer heard him telling his wife to "tell him everything is okay, tell him we were just having sex." When [Petitioner's] wife came out of the bedroom, the officer noticed marks on her neck. He then decided to take her outside and question her.

The victim told the officer and also testified at trial that she and [Petitioner] were separated and she was living with her parents. On the morning in question, she returned to the house after taking her children to school. When she entered the house she smelled cigarette smoke. She knew that her parents were at work so she went from room to room trying to find the source of the smoke. When she opened the door to the closet in one of the bedrooms, she saw [Petitioner] hiding in the closet. [Petitioner] came at her with a knife and she ran. The victim grabbed the phone and dialed 911 but [Petitioner] knocked the phone out of her hand and she was unable to say anything. [Petitioner] put the knife to her neck, forced her to remove her clothes, ripped of her underwear and raped her.

When officers came to the door in response to the 911 call, [Petitioner] told the victim to stay where she was and answered the door himself. After officers told [Petitioner] they wanted to see his wife, she said he came back to the bedroom and told her not to say anything.

When officers searched the house, they found the closet door partially open and an open beer bottle on the floor of the closet. The beer was still slightly chilled when the officers retrieved it. Both bedrooms were in a state of disarray and appeared to be the scene of a struggle. The phone was lying on the floor and the receiver was off the hook. A kitchen knife with a wooden handle and blade 8 to 10 inches long was found in a bookshelf in the hall.

(Doc. no. 12, Ex. 6 (Georgia Court of Appeals Oct. 18, 2005 opinion)).

### b.      Failure to Raise Trial Counsel's Alleged Errors

In the instant petition, Petitioner alleges, as he did in his state habeas petition, that appellate counsel was ineffective for failing to raise on appeal the alleged errors by trial counsel noted in the petition's Grounds 2 through 8. Additionally, Petitioner claims his

appellate counsel was ineffective for failing to raise on appeal the thirty-month inordinate delay in the appellate process, which resulted in the clear abandonment of Petitioner's appellate rights.[12]

The state habeas court heard testimony from Mr. Peter Johnson. At the hearing, Mr. Johnson testified that he reviewed the trial transcript and the clerk's file, spoke with trial counsel, and corresponded with Petitioner. In reviewing the work of both Petitioner's trial counsel and initial appellate counsel, Mr. Johnson testified that both attorneys performed responsibly and even noted that the trial transcript reflects that Petitioner was extremely complimentary to his trial counsel. Concerning Petitioner's "inordinate delay" argument, the state habeas court noted:

> Specifically as to Mr. Garnett's disbarment, Mr. Johnson testified that Mr. Garnett did everything possible to initiate Petitioner's appeal. Additionally, the court finds that subsequent to Mr. Garnett's disbarment on September 27, 2004, Mr. Garnett had filed a Notice of Appeal. Following Mr. Garnett's disbarment, Mr. Johnson was appointed to represent Petitioner. He promptly requested and was granted an extension to file an appellate brief until February 22, 2005. The record shows that Mr. Johnson both utilized and complied with this extension by filing a well-researched brief on February 22, 2005. Accordingly, the transition between Mr. Garnett and Mr. Johnson was virtually seamless.

(Doc. no. 12, Ex. 3). Furthermore, Mr. Johnson testified that he did not raise these issues in the context of ineffectiveness of trial counsel or as independent issues because he did not

---

[12]Petitioner was represented by Todd Boudreaux, Esquire, at trial. (Doc. no. 12, Ex. 3). On appeal, Petitioner was initially represented by Ronald Garnett, Esquire. (Id.). After the notice to appeal Petitioner's conviction was filed by Mr. Garnett, he was disbarred on unrelated matters. (Doc. no. 26, p. 2). Thereafter, Peter Johnson , Esquire, was appointed. (Doc. no. 12, Ex. 3).

believe such arguments to have the most merit. (Doc. no. 12, Ex. 3, pp. 5-6). Based on the trial record, Mr. Johnson's qualifications, and Mr. Johnson's testimony that he appealed the issues that he found to have the most merit, the state habeas court determined that Petitioner had not received ineffective assistance of appellate counsel.

Although Petitioner asserts in the instant petition that his appellate counsel was ineffective for failing to raise these alleged errors by trial counsel on appeal, the record does not support this contention. Mr. Johnson testified before the state habeas court that he did not believe that the pursuit of an ineffective assistance of trial counsel claim would maximize the likelihood of success of appeal, and Petitioner has not shown otherwise. Indeed, Petitioner has failed to identify any legitimate reason why such arguments should have been raised on appeal, and it cannot be said that any prejudice inured to Petitioner as a result of appellate counsel's omission of these arguments. In fact, the state habeas court stated, "It is also worthy of note that at the hearing on this matter, Petitioner's points of contention with his trial counsel were explored in a colloquy between the court and Mr. Johnson, wherein the court determined that each of Petitioner's alleged deficiencies with his trial counsel were without merit." (Doc. no. 12, Ex. 3, n.1). Accordingly, this Court finds that the state habeas court's decision in this regard was neither contrary to nor an unreasonable application of prevailing Supreme Court precedent. In sum, this claim lacks merit and should be denied.

### c. Ground 8 Rejected by State Court

In Ground 8, Petitioner states that his Sixth Amendment right was violated because the State improperly bolstered the credibility of a witness. Petitioner argues that, although he raised this claim in his state habeas petition, this ground was overlooked by that court.

18

(Doc. no. 7, p. 19). Nonetheless, Ground 8 was raised in Petitioner's direct appeal. Concerning this claim, the court of appeals held:

> The trial court correctly overruled defense counsel's objection. Having opened the door to the issue of the victims' credibility, [Petitioner] cannot now complain of the prosecutor's questions on redirect designed to rebut the inferences raised during cross-examination. "Under those circumstances, the trial court's decision to admit the testimony falls within the narrow range of matters about which an appellant may or may not complain because his own procedure or conduct procured or aided in causing it." Griffin v. State, 265 Ga. 552, 554 (458 S.E.2d 813) (1995).

(Doc. no. 12, Ex. 2, Georgia Court of Appeals Oct. 18, 2005 opinion). Here, Petitioner concedes that his trial counsel opened the door to the issue of the victims' credibility. Accordingly, Petitioner in the instant petition has couched the claim in terms of an ineffective assistance of counsel claim. Petitioner argues that he was "deprived of effective assistance of counsel on appeal because of [Mr. Johnson's] failure to properly raise the error regarding improperly bolstering the victims' testimony under the claim of ineffective assistance of trial counsel since even the appeals court recognized that his error was caused by counsel himself." (Doc. no. 7, p. 19). First, the Court notes that Mr. Johnson did raise the issue that the State improperly bolstered the credibility of a witness on appeal. Second, to the extent Petitioner now seeks to couch the claim in terms of an ineffective assistance of appellate counsel claim, his argument must fail for the reasons stated *supra*. Indeed, the state habeas court determined that Petitioner had not received ineffective assistance of appellate counsel. Although Petitioner claims that the state habeas court ignored Ground 8 and failed to address it as evidence of ineffective assistance of appellate counsel, the record reflects otherwise.

19

The transcript of the evidentiary hearing provides:

> Mr. Johnson: . . . What I heard [Petitioner] say with regard to Investigator Chu was that Chu said that at one point that he believed the victim. There was actually an objection from trial counsel, and this bolstering –
>
> The court: Bolstering the credibility of the victim.
>
> Mr. Johnson: This bolstering issue was raised on appeal
>
> The court: Okay. . .

(Doc. no. 12, Ex. 5, p. 26). Additionally, Petitioner was able to cross examine Mr. Johnson. (See id. at 32). Furthermore, in addressing Petitioner's claim for ineffective assistance of trial counsel, the state habeas court noted:

> Although ineffective assistance of trial counsel was not one of the grounds pursued on appeal, Mr. Garnett had already unsuccessfully pursued that ground at the trial court level with his two amended motions for new trial . . . Indeed, at the hearing on this matter, Mr. Johnson stated that based upon his review of the transcript and record, he was of the opinion that trial counsel performed admirably and consequently, he did not see an issue as to ineffectiveness.

(Doc. no. 12, Ex. 3, p. 6). Finally, on this issue, the state habeas court noted, "It is also worthy of note that at the hearing on this matter, Petitioner's points of contention with his trial counsel were explored in a colloquy between the Court and Mr. Johnson, wherein the Court determined that each of Petitioner's alleged deficiencies with his trial counsel were without merit." (Id. at n.1).

As such, the Court notes that Petitioner offers no additional evidence, much less "clear and convincing evidence," in his federal habeas petition to undermine or contradict the factual determinations of the state appellate court. Accordingly, it cannot be said that the

State court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Therefore, Petitioner's claim in Ground 8 is without merit.

## IV.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED,** that this civil action be **CLOSED,** and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 30th day of June, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE