IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DARRYL WALKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 108-020 |
| | ) |
| THALRONE WILLIAMS, Warden, | ) |
| | ) |
| Respondent. | ) |

---

**ORDER**

---

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 32). The Magistrate Judge recommended that Petitioner's petition filed pursuant to 28 U.S.C. § 2254 be denied. Although Petitioner raises multiple objections to the Report and Recommendation, only one of Petitioner's arguments merits comment.

According to Petitioner, the courts, including this one, misunderstand the basis for his requested relief. (Id. at 2-3). In his federal petition, Petitioner argues that he was deprived of his Sixth Amendment right to be provided with effective assistance of appellate counsel, because his appellate counsel failed to raise various "reversible errors" committed by his trial counsel during his underlying criminal trial. These "reversible errors" are outlined in Grounds Two through Eight of the federal petition. (Id. at 3). Petitioner acknowledges that Grounds Two through Eight were not objected to in his trial, or raised on

appeal; but argues that the very fact that these issues were not raised on appeal supports his ineffective assistance of appellate counsel claim. (Id. at 4). Petitioner argues that because the purported "reversible errors" are meritorious, the Court should first address them, and then decide the ineffective assistance of appellate counsel claim.

Petitioner's argument fails for two reasons. Initially, as addressed in the Report and Recommendation and acknowledged by Petitioner, the "reversible errors" raised in Grounds Two through Eight in his federal petition were procedurally defaulted. As thoroughly addressed in the Report and Recommendation, the Court cannot overlook the default and address the merits of the "reversible errors" raised in Grounds Two through Eight. (See doc. no. 28, pp. 7-12). Furthermore, as noted by the Magistrate Judge, the state habeas court and the Report and Recommendation specifically addressed Petitioner's assertion that his appellate counsel was ineffective for failing to raise the "reversible errors" on appeal. (Id. at 18-21). As such, Petitioner's objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the petition filed pursuant to 28 U.S.C. § 2254 is **DENIED**, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent.

SO ORDERED this 10th day of September, 2009, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

2