# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | | |
|---|---|---|
| DARRYL WALKER, | * | |
| Petitioner, | * | |
| v. | * | CV 108-020 |
| THALRONE WILLIAMS, Warden, | * | |
| Respondent. | * | |

# O R D E R

Presently pending before the Court is Petitioner's motion to set aside judgment. (Doc. no. 35.) In 2001, a jury convicted Petitioner on charges of burglary, kidnapping, rape, and possession of a knife while committing a felony. In 2005, the conviction was affirmed on direct appeal. In 2006, Petitioner filed a state habeas petition, which was denied in 2007. In 2008, he filed a federal petition pursuant to 28 U.S.C. § 2254 in this Court. On September 10, 2009, final judgment was entered against Petitioner.

Over three years later, on November 8, 2012, Petitioner filed the pending motion to set aside judgment pursuant to Federal Rule of Civil Procedure 60(b). He argues that this Court's final judgment should be vacated because (1) he was never served with a copy of this Court's final order,[1] and (2) the Georgia Supreme Court changed its test for proving the element of asportation in kidnapping offenses in Garza v. State, 284 Ga. 696 (2008).

---

[1] The Clerk's docket notations, however, indicate that Petitioner *was* served with a copy of the Court's final order and judgment.

First, a "motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Here, petitioner's motion was brought over three years after judgment was entered which was not within a reasonable time, especially because Garza was issued in 2008. Second, Petitioner's motion, "although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). "[A] Rule 60(b) motion based on a purported change in the substantive law governing the claim" cannot be "used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,'" or section 2244(b)(3)'s "requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." Id. at 532.

Accordingly, Petitioner's motion to set aside judgment (doc. no. 35) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___ day of August, 2013.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA